566 P.2d 1346

**In the Matter of the APPEAL IN
MARICOPA COUNTY, JUVENILE
ACTION NO. JS-1363.**

**No. 1 CA-JUV 50.**

Court of Appeals of Arizona,
Division 1,
Department B.

July 12, 1977.

Rawlins, Ellis, Burrus & Kiewit by Robert L. Shuler, Phoenix, for appellant.

Bruce E. Babbitt, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for State of Arizona.

OPINION

SCHROEDER, Presiding Judge.

This is an appeal from the order of the juvenile court terminating the mother's parental relationship with her two daughters. The matter was presented to the juvenile court on the petition of the Arizona Department of Economic Security alleging that the mother had failed to maintain a parental relationship with the children for a period in excess of six months. After a full evidentiary hearing, the trial court found that for a period in excess of eight months prior to the filing of the petition, the mother did not maintain contact and chose not to retain her parental relationship with the children. The trial court further found that after the filing of the petition for termination, the mother did attempt "to show appropriate parental concern to make appropriate contacts."[1]

---

1. The relevant findings of the court were:
   "THE COURT FINDS that notwithstanding her obvious concern for the children, the natural mother . . . failed to maintain any

contact or parental relationship with the children for a period in excess of eight months prior to the filing of the petition herein and made only token contacts for many months

The trial court concluded that the conduct of the mother constituted an abandonment and ordered the termination.

The issue presented in this appeal is whether the trial court failed to give adequate consideration to the conduct of the mother after the petition for termination was filed. We conclude that there was no error, and affirm the trial court's order of termination.

The statute pursuant to which this termination was ordered is A.R.S. § 8–533. It provides in relevant part that:

"Any person or agency that has a legitimate interest in the welfare of a child, including, but not limited to, a relative, foster parent, physician, department of welfare, or a private licensed child welfare agency, may file a petition for the termination of the parent-child relationship if one or more of the following grounds exist:

"1. That the parent has abandoned the child or that the parent has made no effort to maintain a parental relationship with the child. *It shall be presumed the parent intends to abandon the child if the child has been left without any provision for his support and without any communication from such parent for a period of six months or longer.* If in the opinion of the court the evidence indicates that such parent has made only token efforts to support or communicate with the child, the court may declare the child abandoned by such parent." (Emphasis supplied.)

■ We recognize that the termination of parent/child relationships frequently involve questions which are among the most agonizing with which our system of justice must deal. As pointed out by Division Two in a recent discussion of the standards set forth by our legislature, the court must focus primarily on the conduct of the parent in an effort to determine whether that conduct was an intentional relinquishment of parental responsibilities. *Anonymous v. Anonymous*, 25 Ariz.App. 10, 540 P.2d 741 (1975).

As a guideline for courts' resolutions of these problems, the legislature has created an express presumption of such intent when the parent has failed to provide for or contact the child for a period in excess of six months.

In this case, that presumption clearly applies. The trial court found, and it is not now challenged, that for a period in excess of eight months there was no contact and no support furnished, and that this was the product of the mother's choice. The principal obligations contained in the petition for termination were fully proved.

■ We believe the real question raised by the mother in this case is whether, once that presumption has attached, it may be rebutted merely by a showing of attempts to reestablish a parental relationship after the petition was filed. We think not. As pointed out by the trial court in its findings, a contrary conclusion would virtually eliminate any contested termination actions.

■ We do not suggest that the trial court should refuse to consider the parent's conduct after the filing of the petition. Such conduct may shed some light on the question of intent during the six month presumptive abandonment period. In this case, the trial court did consider the evidence of later conduct, and in effect concluded, and properly so, that the parent's

prior to that date. The court is not unmindful of the natural mother's abominable circumstances, nor is the Court unmindful of the fact that, due to those circumstances, it was extremely difficult for the mother to attempt contact. However, the evidence is clear that the natural mother, for reasons known only to her, chose to remain with her boyfriend, in the circumstances which prevented contact with the children, and not to make the necessary contacts to retain her parental position.

"THE COURT IS FURTHER AWARE AND FINDS that the natural mother has attempted to show appropriate parental concern and to make appropriate contacts since the filing of this petition. However, the Court concludes that the legislative intent is clear that the parent's conduct is to be viewed before the filing of the petition seeking the termination of parent-child relationships. To conclude otherwise would be to denude the act and to virtually eliminate contested termination actions."

**602**

conduct prior to the filing of the petition constituted an abandonment within the meaning of our statute.

Affirmed.

WREN and EUBANK, JJ., concur.