646 P.2d 262
**In the Matter of the Appeal in PIMA
COUNTY JUVENILE ACTION
NO. S–919.**

**No. 15972–PR.**

Supreme Court of Arizona,
In Banc.

April 29, 1982.

Rehearing Denied June 15, 1982.

Gaila Davis, Tucson, for appellant.

McCarthy & Sandman by Cary Sandman, Tucson, for appellees.

GORDON, Vice Chief Justice:

The trial court in this matter severed the parental relationship existing between the natural father and his son by order dated August 17, 1981. The Court of Appeals, Division Two affirmed by per curiam memorandum decision, In the Matter of the Appeal in Pima County Juvenile Action No. S–919, No. 2 CA–CIV 4213 (App., filed March 16, 1982). On March 24, 1982, the United States Supreme Court decided *Santosky v. Kramer*, —— U.S. ——, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). In that case the United States Supreme Court found that in parental rights termination proceedings the New York statutory "fair preponderance of the evidence" standard (similar to the standard required in A.R.S. § 8–537(B) which was upheld by this Court in *In the Matter of the Appeal in Gila County Juvenile Action No. J–3824*, 130 Ariz. 530, 637 P.2d 740 (1981)) is "inconsistent with due process." The United States Supreme Court adopted the higher standard of "clear and convincing evidence" which it said was a "fair balance between the rights of the natural parents and the State's legitimate concerns. * * * [S]uch a standard adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process." —— U.S. at ——, 102 S.Ct. at 1402, 71 L.Ed.2d at 617.

As it is clear from the terms of the trial court's order in this matter that the standard of proof relied on by it for its findings and order of severance was the "preponderance of evidence" standard promulgated in A.R.S. § 8–537(B), said findings and order are now constitutionally infirm by virtue of *Santosky, supra.*

Therefore, the Court of Appeals' decision in this matter and the trial court's severance order dated August 17, 1981 are hereby vacated and the matter is remanded to the trial court for new severance proceedings based on present facts and the current constitutional considerations required by *Santosky, supra.*

HOLOHAN, C. J., and HAYS, CAMERON and FELDMAN, JJ., concur.