NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE DAMIAN T.

No. 1 CA-JV 20-0177
FILED 11-24-2020

Appeal from the Superior Court in Yuma County
No. S1400JV20200091
The Honorable Kathryn E. Stocking-Tate, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

E.M. Hale Law, Lakeside
By Elizabeth M. Hale
*Counsel for Appellant*

Yuma County Attorney's Office, Yuma
By Chris Aaron Weede
*Counsel for Appellee State of Arizona*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1 Damian T. appeals his commitment to the Arizona Department of Juvenile Corrections (ADJC). He argues the superior court failed to consider adequately the juvenile commitment guidelines. Because the record supports the superior court's judgment, we affirm.

¶2 In March 2020, Damian was a passenger in a vehicle when Arizona Department of Public Safety officers stopped it. Following a K-9 alert, officers searched Damian and found more than one-pound of fentanyl pills with an estimated street-value of approximately $60,000. The officers arrested Damian and took him into custody. The State charged Damian with possession and transportation of narcotics for sale, both class 2 felonies.

¶3 Damian pled delinquent to a single count of attempted possession of narcotics for sale, a class three felony. The State, in return, dismissed the original charges with prejudice and stipulated to intensive probation. The superior court rejected the probation stipulation. The parties amended the plea agreement to remove the probation stipulation. The superior court accepted the amended agreement.

¶4 At Damian's disposition hearing, the superior court committed him to ADJC until his eighteenth birthday. Damian timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A.1, and Rule 103(A), Arizona Rules of Procedure for the Juvenile Court.

¶5 This court reviews the superior court's disposition for an abuse of discretion. *See In re Niky R.*, 203 Ariz. 387, 390, ¶ 10 (App. 2002). Contrary to Damian's argument, the superior court adequately considered the guidelines in subsection 6-304.C.1 of the Arizona Code of Judicial Administration. At Damian's disposition hearing, the superior court said it "considered the Arizona Supreme Court guidelines regarding commitment of juveniles to [ADJC]."

**¶6**		Damian nonetheless argues the superior court failed to consider his "special circumstances," whether less restrictive alternatives might be appropriate, or "conduct an adequate investigation into the facts relevant to sentencing." He essentially asks us to reweigh the evidence, which we will not do. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002). This court assumes judges know and follow the law and has "long held that 'in reviewing the evidence we are mindful of the fact that the trial court will be *deemed to have made every finding necessary to support the judgment*.'" *See Niky R.*, 203 Ariz. at 392, ¶ 21 (quoting *Maricopa Cnty. Juv. Action No. JS-3594*, 133 Ariz. 582, 585 (App. 1982)) (emphasis original).

**¶7**		Here, Damian admitted to transporting over one pound of fentanyl. Based on the quantity and the drug's highly dangerous nature, the superior court found Damian posed a serious risk and no less-restrictive alternative was available to both hold him accountable and protect the community. We cannot, on this record, find an abuse of discretion in the superior court's disposition. Accordingly, we affirm the order committing Damian to ADJC.



AMY M. WOOD • Clerk of the Court
FILED:		AA