NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO C.A.

No. 1 CA-JV 23-0188
FILED 4-25-2024

Appeal from the Superior Court in Maricopa County
No.  JS519724
The Honorable Keelan J. Bodow, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Law Office of Justin Fernstrom PLLC, Mesa
By Justin Fernstrom
*Counsel for Appellant*

Denise L. Carroll, Esq., Scottsdale
*Counsel for Appellee Father, Harrington A.*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Michael S. Catlett joined.

**M O R S E**, Judge:

¶1        Amanda S. ("Mother") appeals the juvenile court's denial of her petition to terminate Harrington A.'s ("Father") parental rights to their child, C.A., born in February 2016.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Mother and Father began a relationship in 2014 and separated in 2017.  Father had regular visits with C.A. until 2019 when Mother ended Father's parenting time.  In 2020, Mother filed her first petition to terminate Father's parental rights.  On August 30, 2021, the court denied Mother's petition.  Mother appealed that ruling, and in February 2022, we affirmed. *See Amanda D. v. Harrington A.*, 1 CA-JV 21-0275, 2022 WL 556722, at *1, ¶ 1 (Ariz. App. Feb. 24, 2022) (mem. decision).

¶3        The day after the court denied Mother's first petition, Father contacted her to reunite with C.A.  In October 2021, Mother and Father entered an Arizona Rules of Family Law Procedure 69 agreement to reintroduce C.A. and Father via a therapeutic interventionist ("TI") and Father would bear the cost.

¶4        Father contacted at least eight TIs but due to high cost, unavailability, or Mother's disapproval, Father was unable to secure a TI until September 2022.  A significant portion of the delay occurred between February and August 2022.  In February, Mother suggested Dr. LaMorgese, indicating she had availability.  In March, the parties agreed to have Dr. LaMorgese appointed as the TI, and the court appointed her in April.  But in August, Dr. LaMorgese informed Father she was unavailable.

¶5        Between September 2021 and December 2022, Father contacted Mother 27 times regarding C.A.  Father asked for pictures of C.A., asked to see C.A., asked for updates on C.A.'s wellbeing, and inquired if he could give C.A. gifts for holidays and birthdays.

¶6        In September 2022, Mother filed her second petition to terminate Father's parental rights based on Father's abandonment and neglect since September 2021.  In May and June 2023, the court held contested hearings on the matter.  In September 2023, the court denied Mother's second petition.  The court found that Father had not abandoned or neglected C.A., and that he "acted persistently to remain a Father to the Child" and at "no time did Father's actions or inactions put the child at risk or in danger."  The court did not address the best interests of C.A. because Mother had failed to show grounds for termination.  Mother timely

appealed, and we have jurisdiction under A.R.S. §§ 12-2101(A)(1) and 8-235(A).

## DISCUSSION

**¶7** A parent's right to custody and control of his child is fundamental, but not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248–49, ¶¶ 11–12 (2000). Termination of parental rights is not favored and "generally should be considered only as a last resort." *Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 4 (1990). We accept the court's findings of fact if reasonable evidence supports them. *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478, ¶ 30 (2023). We will not reweigh the evidence on appeal "because the court 'is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts.'" *Jessie D. v. Dep't of Child Safety*, 251 Ariz. 574, 582, ¶ 23 (2021) (quoting *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004)). We must affirm the court's legal conclusions unless they are clearly erroneous. *Brionna J.*, 255 Ariz. at 479–80, ¶ 31.

## I.    Abandonment.

**¶8** Mother argues that "the court incorrectly applied the law to the facts" because "if you have no contact with a child for 6 months, without just cause, there is an applicable presumption that an abandonment of the child has occurred." Mother contends that there "is no evidence in the record that Father contacted anyone from February 2022, to September 2022 except one follow-up email to Dr. Lamorgese possibly sometime in June 2022."

**¶9** Under A.R.S. § 8-533(B)(1), parental rights may be terminated when a parent abandons a child. Abandonment is defined in A.R.S. § 8-531(1):

> "Abandonment" means the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

"Under the revised statute, abandonment is measured not by a parent's subjective intent, but by the parent's conduct." *Michael J.*, 196 Ariz. at 249,

¶ 18.   Whether a parent has exercised the requisite effort to maintain a parent-child relationship must be determined on a case-by-case basis, but the burden "to act as a parent rests with the parent, who should assert his legal rights at the first and every opportunity." *Id.* at 250–51, ¶¶ 20, 25. "The concept of abandonment and terms such as 'reasonable support' or 'normal parental relationship' are somewhat imprecise and elastic. Therefore, questions of abandonment and intent are questions of fact for resolution by the trial court." *JS-500274*, 167 Ariz. at 4 (citing *Maricopa Cnty. Juv. Action No. JS-4283*, 133 Ariz. 598, 601 (App. 1982)).

**¶10**        Reasonable evidence supports the court's decision that Father had not abandoned C.A.   The court carefully considered Mother's contention that Father failed to pursue a TI and communicate with C.A. consistently.  We cannot accept Mother's invitation to reweigh the evidence. *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151, ¶ 18 (2018).

**¶11**        Moreover, although the evidence conflicts, reasonable evidence supports the court's decision.  *See Brionna J.*, 255 Ariz. at 479, ¶ 30. The day after Mother's previous attempt to terminate Father's parental rights, Father reached out to Mother to start the unification process.  Father agreed to use a TI for this process, and, as the court noted, "Father's agreement to a TI should not be used as a sword to end his parental rights." The record reflects Father made steady efforts to secure a TI that fit Mother's criteria.  Many of the delays in securing a TI were outside of Father's control, and after receiving a court order appointing Dr. LaMorgese as a TI, it was reasonable for Father to wait for her response.

**¶12**        Further, Father demonstrated a consistent effort to communicate with C.A. by texting Mother repeatedly, requesting to drop off gifts, and inquiring about C.A.'s wellbeing. *See Pima Cnty. Juv. Severance Action No. S-114487*, 179 Ariz. 86, 97 (1994) (noting that when circumstances prevent a parent "from exercising traditional methods of bonding . . . he must act persistently to establish the relationship however possible"). Mother also contends that the court failed to consider Father's failure to pay child support.  But the record reflects the court considered this factor but did not find it as a "basis for abandonment."  We will not reweigh that evidence. *See Maricopa Cnty. Juv. Action No. JS-3594*, 133 Ariz. 582, 586 (App. 1982) (noting that failing to pay support is a factor but does not equate to abandonment).  We affirm the court's findings that Mother failed to prove by clear and convincing evidence that Father abandoned C.A.

## II.   Best Interests.

**¶13**        Mother also asserts that termination of Father's parental rights is in the best interests of C.A.  Because the juvenile court found no statutory ground for termination, it did not analyze best interests.  We find no error.  *See Alma S.*, 245 Ariz. at 149–50, ¶ 8 (noting the "two-step inquiry" under § 8-533(B) that requires finding a ground for termination before evaluating the child's best interests).

### CONCLUSION

**¶14**        For the foregoing reasons, we affirm the court's denial of Mother's petition to terminate Father's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:     AA