NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

SHILOH Z., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, D.H., D.H., *Appellee*.

No. 1 CA-JV 16-0055
FILED 8-4-2016

Appeal from the Superior Court in Maricopa County
No. JD527602
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

COUNSEL

Denise Lynn Carroll, Esq., Scottsdale
By Denise Lynn Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda L. Adams
*Counsel for Appellee DCS*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

J O N E S, Judge:

¶1          Shiloh Z. (Father) appeals the termination of his parental rights to two sons, D.H. and D.H. (the Children).  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2          In April 2014, the Department of Child Safety (DCS) took custody of the Children and filed a dependency petition alleging abuse and neglect by both parents.[1]  At the preliminary protective hearing, the juvenile court provided Father with the Form 1. Notice to Parent in Dependency Action, advising of the consequences of failing to attend certain hearings without good cause, and also read its contents into the record.  Father indicated he understood the contents and also signed and returned the form.  The Children were found dependent as to Father in November 2014, and the court adopted a case plan of family reunification and an alternate, concurrent case plan of severance and adoption.

¶3          At a September 2015 report and review hearing, the juvenile court changed the case plan to severance and adoption, directed DCS to file a motion to terminate Father's parental rights, and scheduled an initial severance hearing for November 16, 2015.  Although a Form 3. Notice to Parent in Termination Action was read to the parents who appeared at the report and review hearing, none was provided to Father because he did not attend, and his counsel was excused from attending to celebrate a religious holiday.  A copy of the minute entry memorializing these orders was mailed to Father's last known address but was returned as undeliverable.

---

[1]      The Children's mother is not a party to this appeal.

¶4            DCS then filed a motion to terminate Father's parental rights, alleging severance was warranted on the grounds of abandonment and the length of time the Children had been in an out-of-home placement. *See* Ariz. Rev. Stat. (A.R.S.) §§ 8-533(B)(1) and (8)(c).[2]  At the same time, DCS filed with the court, and mailed to both Father and his counsel, a notice of the initial severance hearing that stated, in bold lettering:

> You have a right to appear as a party in this proceeding. You are advised that your failure to personally appear in court at the initial hearing, pretrial conference, status conference or termination adjudication, without good cause shown, may result in a finding that you have waived your legal rights and have admitted the allegations in the Motion. In addition, if you fail to appear without good cause, the hearing may go forward in your absence and may result in termination of your parental rights based upon the record and the evidence presented to the court.

Father's counsel mailed a copy of the motion to Father and received an email in response from Father the day before the hearing, acknowledging he had received the motion.

¶5            Although Father did not attend the November 2015 initial severance hearing, his counsel accepted service of the petition on his behalf. At that hearing, the court noted Father had failed to appear and there was no good cause shown for his failure to appear. A pretrial conference was scheduled for February 2016.

¶6            Father appeared telephonically at the pretrial conference. Regarding Father's failure to appear in November, his counsel stated "there was a lack of communication" because "[Father] did not remain in touch with the former caseworker, as he probably should have," and Father added he "was incredibly sick, and . . . also had to work that day." The juvenile court found Father did not show good cause for his failure to appear at the November 2015 hearing and concluded he waived his right to contest the allegations of the petition. The court then proceeded to consider the merits of the motion to terminate Father's parental rights.

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

¶7 After receiving exhibits and testimony from the DCS case manager, the juvenile court found DCS had proven both statutory grounds for severance by clear and convincing evidence and that severance was in the Children's best interests by a preponderance of the evidence. Accordingly, the court entered an order terminating Father's parental rights to the Children. Father timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

¶8 Although the right to the custody and control of one's children is fundamental, it is not absolute. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). If a parent is properly served with a motion for termination, has notice of a hearing, and is advised of consequences for failing to appear, but the parent does not appear and no good cause is shown for that failure, the juvenile court may find the parent waived his rights and is deemed to have admitted the statutory bases for termination as alleged in the motion. A.R.S. § 8-863(C); *see also* Ariz. R.P. Juv. Ct. 65(C)(6)(c); *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 13 (App. 2007).

¶9 Father argues the juvenile court erred in concluding he lacked good cause for his failure to appear and denied him due process when it proceeded "by default." Because a parent may waive his right to procedural due process if he fails to appear for certain hearings without good cause, *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 211, ¶ 19 (App. 2008) (citing *Ariz. Dep't of Econ. Sec. v. Redlon*, 215 Ariz. 13, 17, ¶ 9 (App. 2007)), the resolution of both issues turns on the juvenile court's determination that Father did not show good cause for his failure to appear.[3] We review the court's finding that a parent lacked good cause for his failure to appear for an abuse of discretion. *Adrian E. v. Ariz. Dep't of*

---

[3] Father also argues the juvenile court erred in denying him the opportunity to participate in and testify at the termination hearing. This argument is not supported by the record. Father's counsel actively participated in the proceedings, including through cross-examination of DCS's witness. Neither Father nor his counsel indicated to the court that Father wished to testify, and there is no record of the court having prevented Father from doing so. There is likewise no support for Father's suggestion that the court proceeded "by default," rather than through adjudication on the merits after considering the evidence.

*Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007). We will reverse only if "the juvenile court's exercise of that discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.* (quoting *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83, ¶ 19 (App. 2005)).

**¶10** Father does not argue he did not know of the date of the initial severance hearing, and the record reflects Father was on notice that his parental rights could be terminated if he failed to attend proceedings without good cause. Despite having been so admonished, Father failed to maintain communication with either his counsel or DCS. *See Mara M. v. Ariz. Dep't of Econ. Sec.*, 201 Ariz. 503, 507-08, ¶¶ 25-28 (App. 2002) (concluding service on counsel was reasonably calculated to apprise a parent of dependency proceedings where parent had not been in contact with counsel or DCS for several months). He did not provide any evidence to corroborate either of his alternate explanations that he was sick and scheduled to work. We defer to the juvenile court's evaluation of Father's credibility in this regard. *See Pima Cnty. Severance Action No. S-1607*, 147 Ariz. 237, 239 (1985) ("[W]e defer to the judgment of the trial court which had the opportunity to assess the credibility, attitude and condition of the parties at trial.") (citing *Pima Cnty. Juv. Action No. S-624*, 126 Ariz. 488, 490 (App. 1980)). Under these circumstances, Father has shown no abuse of discretion.[4] *See, e.g., Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 281-82, ¶¶ 8-9, 11-13 (App. 2010) (affirming both findings of lack of good cause where father reported he was misinformed regarding the time of the hearing and had just finished driving 1100 miles, and where mother argued she had to arrange her own transportation and was only thirty minutes late); *Adrian E.*, 215 Ariz. at 101-02, ¶ 19 (same where parent testified he lost the notice and could not recall the dates set for trial).

## CONCLUSION

**¶11** Father does not challenge the juvenile court's findings in support of severance, and, because we find no error in the court's

---

[4] Although the juvenile court did not make express findings that Father received notice of the initial severance hearing, was served with the petition for termination, or was previously warned of the consequences of failing to appear, Father has never argued otherwise, and such findings are supported by the record. *See Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 17 (App. 2004) ("[W]e will presume that the juvenile court made every finding necessary to support the severance order if reasonable evidence supports the order.") (citing *S-1607*, 147 Ariz. at 238).

determination that he failed to appear without good cause, the order terminating Father's parental rights to the Children is affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA