NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ASHLEE C., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.T., *Appellees*.

No. 1 CA-JV 16-0053
FILED 9-15-2016

Appeal from the Superior Court in Maricopa County
No. JD29539
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Stavris Law Firm PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Patricia K. Norris joined.

---

**J O N E S**, Judge:

**¶1** Ashlee C. (Mother) appeals the juvenile court's order terminating her parental rights to A.T. (Child), arguing the juvenile court erred in proceeding with the termination hearing in her absence.[1] For the following reasons, we affirm.

## FACTS[2] AND PROCEDURAL HISTORY

**¶2** In December 2014, the Department of Child Safety (DCS) filed a petition alleging Child was dependent as to Mother on the grounds of neglect, substance abuse, and domestic violence. Mother was offered substance abuse testing and treatment, domestic violence group therapy, and parent aide services to facilitate supervised visitation. Her participation was inconsistent. In April 2015, the juvenile court adjudicated Child dependent as to Mother after she failed to appear at the dependency adjudication hearing without good cause.

**¶3** In June 2015, after all services were closed as a result of Mother's lack of participation, the juvenile court granted DCS's request to change the case plan to severance and adoption. DCS immediately moved to terminate the parent-child relationship, alleging severance was warranted on the grounds that Mother: (1) abandoned the child by failing to provide reasonable support for, maintain regular contact with, and/or provide normal supervision of Child, and (2) substantially neglected or

---

[1] The parental rights of Child's father were also terminated, but he does not challenge the court's order and is not a party to this appeal.

[2] We view the facts in the light most favorable to upholding the juvenile court's order terminating parental rights. *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010) (citing *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008)).

willfully refused to remedy the circumstances causing Child to be in an out-of-home placement for six months or longer. *See* Ariz. Rev. Stat. (A.R.S.) §§ 8-531(1),[3] -533(B)(1), (8)(b). An initial severance hearing was scheduled for August 2015.

¶4        Mother appeared telephonically at the initial severance hearing, and the juvenile court determined her failure to appear personally was without good cause but scheduled a status conference to allow Mother the opportunity to establish otherwise. Mother again appeared telephonically, and the court scheduled a termination hearing for January 2016, "giv[ing] the mother one additional opportunity to appear in person." The court also ordered DCS to arrange personal transportation for Mother from her home to the court. When Mother did not appear at the termination hearing, the court, finding no good cause for her failure to appear, proceeded in her absence.

¶5        After taking testimony and evidence, the juvenile court found DCS had proven by clear and convincing evidence that termination of Mother's parental rights was warranted on the grounds of abandonment and time in out-of-home care. The court also found by a preponderance of the evidence that severance was in Child's best interests and entered an order terminating Mother's parental rights. Mother filed an unsuccessful motion to set aside the judgment and timely appealed the termination order. We have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

¶6        Although the right to the custody and control of one's children is fundamental, it is not absolute. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). If a parent is properly served with a motion for termination, has notice of a hearing, and is advised of the consequences for failing to appear, but the parent does not appear and no good cause is shown for that failure, the juvenile court may find the parent has waived her rights and is deemed to have admitted the statutory bases for termination as alleged in the motion. A.R.S. § 8-863(C); *see also* Ariz. R.P. Juv. Ct. 65(C)(6)(c); *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 13 (App. 2007).

---

[3]        Absent material changes from the relevant date, we cite a statute's current version.

¶7 Mother does not argue she did not know of the date of the termination hearing, and the record reflects Mother was on notice that her parental rights could be terminated if she failed to attend proceedings without good cause. Mother argues instead that the juvenile court erred in concluding she lacked good cause for her failure to appear at the termination hearing because, she contends, the prearranged transportation — a commercial taxi service — did not show up at her house to pick her up. We review the court's finding that a parent lacked good cause for her failure to appear for an abuse of discretion and will reverse only if "the juvenile court's exercise of that discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007) (quoting *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83, ¶ 19 (App. 2005)) (internal quotations omitted).

¶8 According to the juvenile court's factual findings:

> At the time of trial the DCS supervisor . . . called the taxi service to verify why Mother was not transported. The taxi service informed DCS that . . . a taxi was sent to pick up Mother and no one answered the door at Mother's residence when the taxi arrived. . . . At the time of trial Mother had not contacted DCS, the Court, or her attorney regarding transportation issues or good cause for not appearing at trial.

Although our initial review of the record revealed no evidence to support or refute these findings, this Court temporarily stayed the appeal to allow the parties to develop and supplement the record on this issue. Accordingly, the juvenile court scheduled and held an evidentiary hearing in August 2016. Although she had notice of and pre-arranged transportation for the hearing, Mother was not at her residence when the taxi service arrived to pick her up, and she did not attend. Her counsel, however, did appear and participate in the hearing, during which DCS presented exhibits and testimony from the DCS case manager supporting the court's original findings, which the court reiterated during the limited remand.

¶9 Although Mother provides a contrary explanation on appeal, we defer to the juvenile court's resolution of conflicts in the evidence. *See Pima Cty. Severance Action No. S-1607*, 147 Ariz. 237, 239 (1985) ("[W]e defer to the judgment of the trial court which had the opportunity to assess the credibility, attitude and condition of the parties at trial.") (citing *Pima Cty. Juv. Action No. S-624*, 126 Ariz. 488, 490 (App. 1980)). On this record, the

court could reasonably determine that Mother's unavailability was of her own volition and that she did not have good cause for her failure to appear. Mother has shown no abuse of discretion. *See, e.g., Bob H. v. Ariz. Dep't of Econ. Sec.*, 225 Ariz. 279, 281-82, ¶¶ 8-9, 11-13 (App. 2010) (affirming both findings of lack of good cause where father reported he was misinformed regarding the time of the hearing and had just finished driving 1100 miles, and where mother argued she had to arrange her own transportation and was only thirty minutes late); *Adrian E.*, 215 Ariz. at 101-02, ¶ 19 (same where parent testified he lost the notice and could not recall the dates set for trial).

## CONCLUSION

**¶10**        The juvenile court's order terminating Mother's parental rights to Child is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA