NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

NICOLE R., *Appellant*,

*v.*

DEAN C., A.C., C.W., *Appellees*.

No. 1 CA-JV 16-0241
FILED 12-20-2016

---

Appeal from the Superior Court in Yavapai County
No. P1300SV201400021
The Honorable Anna C. Young, Judge

**AFFIRMED**

---

COUNSEL

Law Office of Florence M. Bruemmer, P.C., Anthem
By Florence M. Bruemmer
*Counsel for Appellant*

Dean Vincent Cobasky, Prescott
*Appellee In Propria Persona*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Acting Presiding Judge Samuel A. Thumma and Judge Jennifer Campbell[1] joined.

---

**D O W N I E**, Judge:

**¶1**        Nicole R. ("Mother") appeals from an order terminating her parental rights.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Before Mother began a relationship with Dean C. ("Father"), she had a son, K.H., who is not a party to these proceedings, and a daughter — C.W.  In 2007, Mother and Father had a daughter together — A.C.

**¶3**        Mother was arrested in 2009 for physically abusing K.H., and the Department of Child Safety ("DCS") filed a dependency petition as to him.  Mother did not participate in reunification services and voluntarily relinquished her parental rights to K.H.

**¶4**        In October 2009, the family court awarded Father temporary custody of C.W. and A.C.; Mother received supervised parenting time. After a contested custody hearing in July 2010, the family court awarded Father "legal and primary physical custody" of both girls, concluding he was acting *in loco parentis* as to C.W.  As relevant here, the family court found:

- K.H. "has been placed in foster care, after being abused by [Mother].  The children have been neglected by Mother, and the Court has serious concerns about the appropriateness of Step-Father and his interaction with the children."

---

[1]      The Honorable Jennifer Campbell, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

- "There has been domestic violence in Mother's home, with Mother as the perpetrator and [K.H.], her adolescent son, as the victim. [Mother's] husband has also been criminally charged with trespass per domestic violence."

**¶5** Father filed a petition to terminate Mother's parental rights to A.C. and C.W. in 2014. A contested severance trial was held in March and April 2016. After receiving written closing arguments from Mother, Father, the Guardian Ad Litem ("GAL"), and counsel for the children, the court terminated Mother's parental rights on the grounds of abandonment and neglect. The court further found that termination of Mother's parental rights was in the children's best interests.

**¶6** Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 8-235(A), 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶7** We will not disturb an order terminating parental rights absent an abuse of discretion or unless the court's findings are clearly erroneous. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). We view the facts in the light most favorable to sustaining the superior court's ruling because it is "in the best position to weigh the evidence, judge the credibility of the parties, observe the parties, and make appropriate factual findings." *Id.*

**¶8** Termination of parental rights is appropriate if the court finds at least one of the statutory grounds enumerated in A.R.S. § 8-533(B) by clear and convincing evidence. *Kent K. v. Bobby M.*, 210 Ariz. 279, 280, ¶ 1 (2005); A.R.S. § 8-537(B). When severance was properly granted on one statutory ground, this Court need not consider additional grounds found by the superior court. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27 (2000).

**¶9** Abandonment of a child is a statutory ground for severance. A.R.S. § 8-533(B)(1). Abandonment is defined as:

> [T]he failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child

3

without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1). Courts assess abandonment by considering a parent's conduct, not his or her subjective intent. *Michael J.*, 196 Ariz. at 249, ¶ 18.

## I.     Evidence of Abandonment

**¶10**         The superior court found clear and convincing evidence that Mother had abandoned A.C. and C.W., stating:

> [Mother] has abandoned the children by failing to provide reasonable support and failing to maintain regular contact with the children, including normal supervision. Through testimony provided there had been no contact between the mother and the children in excess of two years at the filing of Petition for Termination of Parent-Child relationship. Additionally, the Mother . . . did not fulfill the court-imposed obligations from the domestic relations case for visitation, financial support, and counseling and to provide the children with long term emotional stability. The Mother has only had sporadic contact with the children since [Father] was granted custody.

These findings are supported by the record.

**¶11**         Mother visited the children on approximately four occasions between 2010 and 2011 and did not visit them at all between 2012 and 2013. Mother contends Father erected barriers to regular contact. *See Calvin B. v. Brittany B.*, 232 Ariz. 292, 297, ¶ 21 (App. 2013) ("A parent may not restrict the other parent from interacting with their child and then petition to terminate the latter's rights for abandonment."). At trial, she testified Father cancelled visits, and she offered a police report filed after one such cancellation. Mother also discussed a "calendar" she maintained of missed visits.

**¶12**         The police report and Mother's calendar document events in late 2014, but do not explain Mother's absence during the preceding years. Although Father admitted to "one or two cancellations" caused by requirements of his employment, the children's counselor testified that Mother repeatedly canceled her visits during this time period and did not attend therapy sessions with A.C. and C.W. The counselor further testified that Father had never refused to bring the children to a therapeutic visit or discouraged such visits. Mother did not send cards or

gifts to the children, and though she wrote one letter between 2011 to 2013, she did not write after the severance petition was filed.  Mother sporadically paid child support.  *See Pima Cty. Severance Action No. S-1607*, 147 Ariz. 237, 239 (1985) (failure to pay child support is not abandonment *per se*, but may be considered).

**¶13**        Although Mother presented evidence supporting her position, this Court does not reweigh the evidence to determine whether we would reach the same conclusion as the superior court.  *See, e.g., O'Hair v. O'Hair,* 109 Ariz. 236, 240 (1973) ("[T]he duty of a reviewing court begins and ends with the inquiry whether the trial court had before it evidence which might reasonably support its action viewed in the light most favorable to sustaining the findings.").  Based on the evidence presented, the superior court properly found that Mother had abandoned A.C. and C.W.

## II.    Best Interests

**¶14**        Before severing parental rights pursuant to A.R.S. § 8-533, the court must also find, by a preponderance of the evidence, that termination is in the children's best interests.  *Kent K.*, 210 Ariz. at 284, ¶ 22.  "[A] determination of the child's best interest must include a finding as to how the child would benefit from a severance or be harmed by the continuation of the relationship."  *Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990).

**¶15**        In evaluating the children's best interests, the superior court stated:

> [Severance] will give the children the stability they need and free them from the traumatization of having their Mother pop in and out of their lives, with[out] taking the steps necessary to repair the damage to the relationship she has caused by failing to be an active participant in their lives. Mother has had the ability to reunify with the children, but made a choice not to remedy the issues that caused [Father] to gain custody of them.  The children need finality and closure and terminating Mother's parental rights will give them that.

Mother contends there is no benefit to the children from severing her rights and emphasizes the absence of an adoption plan.  Although an adoptive plan is relevant to the best interests analysis, it is not dispositive. *See Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. at 6.  Father testified

that he wishes to adopt C.W. if her biological father's rights are terminated.

¶16        Father, the children's counselor (who has worked with the children for several years), and the investigator who performed the social study, *see* A.R.S. § 8-105, discussed the emotional toll Mother's sporadic contact has had on the children.  A.C. and C.W. have experienced anger, depression, anxiety, tantrums, and deterioration in school performance when Mother reappears in their lives.  The therapist and investigator both opined that terminating Mother's parental rights would benefit the children and that given their history of abandonment, A.C. and C.W. would be re-traumatized by Mother disrupting their now-stable lives.  Both children have consistently expressed a desire to have no contact with Mother.   The children's attorney and the GAL advocated in favor of severance.  In her closing argument, the GAL stated:

> Although some factors commonly referred to in considering best interests are not present, there is a discernable benefit to the children if the severance is granted, and harm if it is not granted.  Mother takes no responsibility for the role she has played in the relationship she has with her children.  Her testimony during both days of trial made evident that she lacks insight into how her actions impact her children, and despite being offered avenues to repair the relationship she has not taken appropriate action.  The children's therapist . . . clearly indicated Mother's action[s] have traumatized the children repeatedly.  Given Mother's long history of abandoning the children, and her failure to act even when faced with termination of her parental rights, suggests this pattern of behavior will not change and she will continue to traumatize the children.

¶17        Substantial evidence supports the conclusion that terminating Mother's parental rights is in the children's best interests.

**CONCLUSION**

**¶18** For the foregoing reasons, we affirm the order terminating Mother's parental rights.



AMY M. WOOD • Clerk of the Court
FILED:  AA