NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO E.F., K.F. and R.F.

No. 1 CA-JV 23-0038
FILED 7-6-2023

---

Appeal from the Superior Court in Yavapai County
No. P1300SV202200028
The Honorable Anna C. Young, Judge

**AFFIRMED**

---

COUNSEL

Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellant*

Prescott Law Group, PLC, Prescott
By Pennie J. Wamboldt
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

_____

**P A T O N**, Judge:

¶1            John F. ("Father") appeals the superior court's order terminating his parental rights to E.F., K.F., and R.F. (collectively "the children").  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            Margaret D. ("Mother") and Father have three biological children who were born in 2010, 2011, and 2012.  The parents married in 2011, not long after the oldest child was born.  Both parents were incarcerated in 2015, and the children's paternal grandmother ("Grandmother"), who lived in California, began caring for them.  The children remained with Grandmother through 2018, and Father had parenting time with them beginning in 2016.  In 2018, the children and Grandmother moved to Arizona and lived with Father.

¶3            From 2018 to May 2020, the children lived full-time with Father.  Once released from custody, Mother had regular visitation with the children during that time, including weekend visits at her home after Father and Mother finalized their divorce in March 2020.  Father was arrested again in April 2020, and Mother took primary care of the children while he awaited trial.

¶4            In May 2021, the court modified the parenting plan and granted Mother sole legal decision-making authority based on Father's incarceration for an unknown period of time.  Father was awarded no parenting time but could have "unlimited contact through the USPS mail" and phone contact with the children "at the direction and recommendation of the children's counselor."  The modification also allowed Grandmother to participate in counseling with the children and follow the counselor's guidance and recommendations for phone calls and visits.  Grandmother subsequently participated in one counseling session with the children. She talked to Father on the phone every week.   Mother petitioned for

termination of Father's parental rights in July 2022 on grounds of abandonment and neglect.

¶5        In April 2022, a jury convicted Father of a felony offense, and the court sentenced him to 3.75 years' imprisonment. Father has seven other charges against him pending disposition, including one federal charge.

¶6        Father has not seen the children since May 2020. At the termination trial, Mother testified that Father had not maintained a normal parent-child relationship with the children or provided them with any support in the two years since his incarceration. Mother also testified that during the approximately two years between Father's incarceration and her filing for termination in July 2022, Father sent the children three letters. Mother further testified that Father tried calling her to speak with the children five times in the year after the parenting plan changed even though he was not supposed to, that she did not speak to Father about the counselor or telephone contact with the children, and that she stopped taking his calls to avoid emotional stress.

¶7        Father testified that he sent the children "probably close to twenty" letters since his 2020 incarceration, six of which he sent after Mother filed the termination petition. Father also testified that after he became incarcerated he tried to contact the children by phone several times by calling Mother directly and that Mother would not answer his calls. Father further testified that he was not told which counselor was supposed to recommend his telephone contact with the children and that he could not get the information from Mother because she refused his calls. Father never reached out to the children's counselor, and the counselor never recommended that the children have telephone contact with Father.

¶8        The superior court granted Mother's petition to terminate Father's parental rights on grounds of abandonment and neglect. Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") Sections 8-235(A) and 12-120.21(A)(1).

## DISCUSSION

¶9        To grant a petition to terminate parental rights, the superior court must find (1) by clear and convincing evidence that at least one statutory ground for termination exists and (2) by a preponderance of the evidence that the termination is in the child's best interests. *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 149–50, ¶ 8 (2018); *see also* A.R.S. § 8-533(B)

(listing grounds for termination). As the trier of fact, the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). Accordingly, we will affirm the superior court's factual findings if supported by reasonable evidence. *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 93–94, ¶ 4 (App. 2009).

**¶10**    Father argues insufficient evidence supported the superior court's findings of abandonment pursuant to Section 8-533(B)(1) and neglect pursuant to Section 8-533(B)(2). He does not challenge the court's best-interests finding.

**¶11**    "'Abandonment' means the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision." A.R.S. § 8-531(1). Abandonment is independent of a parent's subjective intent and is determined by his conduct. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249–50, ¶ 18 (2000).

**¶12**    Father has provided no support to the children since his incarceration around May 2020. Although lack of support alone does not constitute abandonment, it is a factor the superior court considers when combined with "a poor history of visitation or contact." *In re Pima Cnty. Severance Action No. S-1607*, 147 Ariz. 237, 239 (1985). "[I]ncarceration alone . . . does not justify a failure to make more than minimal efforts to support and communicate with [one's] child." *See Michael J.*, 196 Ariz. at 250–51, ¶¶ 21, 24 (noting as a factor to consider in determining abandonment that incarcerated parent "provided no support, however minimal it might have been").

**¶13**    Although Mother and Father provided contradictory testimony regarding the number of letters Father mailed to the children, the superior court found that Father only sent them three letters between May 2021 and July 2022, despite having the ability to send an unlimited number. When such facts are disputed, we defer to the superior court's judgment, *see Oscar O.*, 209 Ariz. at 334, ¶ 4, and will not reweigh the evidence, *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002).

**¶14**    Father contends Mother interfered with his ability to communicate with the children by not answering his telephone calls. Mother admitted she stopped answering Father's calls. But the 2021 parenting plan required Father to first get permission to call the children through an identified counselor who would then direct those calls, if

approved. Father failed to contact the counselor despite Grandmother obtaining the counselor's information and speaking with Father at least once a week. The order did not allow Father to call Mother directly to communicate with the children. The superior court also noted in its ruling that Father never sought a modification of the parenting order to allow for contact by other means.

**¶15** Although Father was incarcerated, he neither sought to increase contact with his children nor maintained contact with them to the extent he was permitted. He provided them no support. Reasonable evidence thus supported the superior court's finding of abandonment. Because we affirm on the abandonment ground, we decline to address Father's arguments regarding the neglect ground. *See* A.R.S. § 8-533(B) (To justify termination, a court need only find "any one" of the listed grounds exists.); *Jesus M.*, 23 Ariz. at 280, ¶ 3.

## CONCLUSION

**¶16** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA