540 P.2d 741

**ANONYMOUS, Appellant,**

v.

**ANONYMOUS, Appellee.**

**No. 2 CA–CIV 1849.**

Court of Appeals of Arizona,
Division 2.

Sept. 30, 1975.

Rehearing Denied Oct. 15, 1975.
Review Denied Nov. 25, 1975.

Emojean K. Girard, Tucson, for appellant.

Lieberthal & Kashman, P.C., by David H. Lieberthal, Tucson, for appellee.

OPINION

HATHAWAY, Judge.

Appellant, the natural mother of a three year old child, seeks review of a juvenile court order terminating her parental rights and granting the petition to adopt said child filed by appellee, present wife of the child's natural father.

Appellant contends the juvenile court lacked jurisdiction to grant the adoption without her consent, that there was insuf-

ficient evidence to justify severance of her parental rights, that the adoption examiner's investigation and report did not satisfy the statutory requirements, and lastly, the evidence was insufficient to support the court's finding that it was in the best interests of the child that the adoption be granted.

A.R.S. Sec. 8–106 provides in pertinent part:

"A.  No adoption shall be granted unless consent to adopt has been obtained and filed with the court from the following:

1.  From both natural parents, if living, except in the following cases:

\*    \*    \*    \*    \*    \*

(b) Consent is not necessary from a parent whose parental rights have been judicially terminated."

Thus we see that appellant's consent was unnecessary if her parental rights had been judicially terminated. The parties stipulated at the hearing below that both the severance question and the adoption matter be heard together. If, contrary to appellant's contention, the severance question was properly resolved, appellant's consent to adoption was not required. We shall therefore first address ourselves to the question of whether the court erred in terminating appellant's parental rights.

A.R.S. Sec. 8–533 provides as a ground for termination of the parent-child relationship: "That the parent has abandoned the child or that the parent has made no effort to maintain a parental relationship with the child."

The lower court made the following express findings of fact which are not challenged. It found that the minor child was born on August 28, 1971, to appellant and her former husband; their marriage was dissolved on September 10, 1973; the father was awarded the child's custody without objection from appellant; on June 29, 1973, appellant left the child in Tucson, Arizona and traveled around the country with a man who was not her husband;

from June 1973, to September 1974, appellant made no attempt to see the child and kept her whereabouts a secret from the child and his father; during this period, appellant did not attempt to care for, provide for, support or maintain any more than a token relationship with her son; from June 1973, through September 1974, appellant had cohabited with a man, not her husband, and did not maintain any regular contact with her child or provide any normal supervision of him; appellant intended this condition to continue for an indefinite period of time in the future; from June 1973, to January 1974, with the exception of a brief period in 1973, appellant was out of the state with the man she had been living with; from January 1974, through the date of the hearing, appellant lived in Tucson with this man but kept her whereabouts secret from her parents, her ex-husband and her child; in September 1974, the ex-husband accidentally met appellant in the store where she was working; he was accompanied by the child and appellee and appellant made no attempt to show affection or care for the child nor was there any recognition by the child of his mother; and had it not been for the adoption proceedings, appellant would have made no attempt to resume a parental relationship in the foreseeable future.

The court concluded that appellant had abandoned her child from June 1973, until the date of the hearing in that she had failed to provide reasonable support and maintain regular contact with the child, including the providing of normal supervision, and that this failure was accompanied by an intention on her part to permit such condition to continue for an indefinite period. The court also concluded that appellant had neglected her child and that her parental rights should be terminated.

We agree with appellant that severance of the parental relationship is a serious matter and courts should bend over backwards, if possible, to maintain the natural ties of birth. However, it is not the

function of this court to interfere with the juvenile court's findings of fact in severance proceedings unless they are clearly erroneous, i.e., there is no reasonable evidence to support them. *In re Appeal in Maricopa County, Juvenile Action No. JS–378,* 21 Ariz.App. 202, 517 P.2d 1095 (1974).

■ The term "abandonment" must be somewhat elastic and questions of abandonment and intent are questions of fact for the resolution of the trial court. *In re Adoption of Oukes,* 14 Cal.App.3d 459, 92 Cal.Rptr. 390 (1971); *In re Adoption of K.,* 417 S.W.2d 702 (Mo.Ct.App.1967); Annot., 35 A.L.R.2d 662, Sec. 2 (1954).

What then is "abandonment"? The majority of jurisdictions whose statutes predicate adoption without consent upon abandonment, interpet "abandonment" as intentional conduct on the part of a parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child. *Glendinning v. McComas,* 188 Ga. 345, 3 S.E.2d 562 (1939); *In re Adoption of Minor Child,* 438 P.2d 398 (Haw.1968); *Sernaker v. Ehrlich,* 86 Nev. 277, 468 P.2d 5 (1970); *In re Adoption of Southard,* 358 Pa. 386, 57 A.2d 904 (1948); *In re Adoption of Walton,* 123 Utah 380, 259 P.2d 881 (1953); *Whitton v. Scott,* 120 Vt. 452, 144 A.2d 706 (1958).

■ We agree with the Alaska Supreme Court that the best interests of the child is a valid factor in deciding an abandonment allegation, but abandonment cannot be predicated solely on the best interests of the child. *In re Adoption of A.J. N.,* 525 P.2d 520 (Alaska, 1974). The appropriate test is whether there has been conduct on the part of the parent which implies a conscious disregard of the obligations owed by a parent to the child, leading to the destruction of the parent-child relationship. *D.M. v. State,* 515 P.2d 1234 (Alaska, 1973). As stated in *Sernaker v. Ehrlich, supra:*

> "Abandonment is conduct. The typical kinds of conduct which constitute aban-

donment are the withholding of parental presence, love, care, filial affection and support and maintenance. The conduct must be intentional and must show a settled purpose to relinquish all parental rights in the child. Non-support is not synonymous with abandonment but it is a factor in determining whether a parent has abandoned his child. [Citation omitted] Lack of support plus other conduct such as a failure to communicate by letter or telephone, or absence of sending of gifts is sufficient to uphold the trial court's conclusion that a child had been abandoned." 468 P.2d at 7.

■ The evidence reflects that appellant departed from Tucson in June 1973, when her son was almost two years old. For more than a year she made no effort to see him and, in fact, attempted to conceal her whereabouts. In August 1973, she consented to award of the child's custody to his father in the divorce proceeding. According to her own testimony, she counted on her mother to take care of the child and her only concern as to the child's custody was in the event the father died. She made no attempts to inquire as to the child's well-being and her gestures of maternal affection were mere "token efforts." When she finally did see the child, more than a year after she had left, he did not recognize her and the overtures on her part were minimal. We believe that objective consideration of appellant's behavior as a course of conduct implied a conscious disregard of the obligation owed by her to her child, thus supporting a finding of abandonment. We therefore do not interfere.

■ Appellant's challenge of the social study prepared by the adoption examiner and the granting of appellee's petition to adopt the child are without merit. The social study complies with the requirements of A.R.S. Sec. 8–112 and the court's findings, as required by A.R.S. Sec. 8–116, are supported by the evidence. We therefore cannot say the trial court abused its discre-

tion in making the order of adoption. *In re Adoption of Krueger,* 104 Ariz. 26, 448 P.2d 82 (1969).

Affirmed.

HOWARD, C. J., and KRUCKER, J., concurring.