708 P.2d 769

**In the Matter of the APPEAL IN PIMA COUNTY SEVERANCE ACTION NO. S–1607.**

**No. 2 CA–CIV 5146.**

Court of Appeals of Arizona, Division 2, Department A.

May 29, 1985.

89

Bridegroom and Hayes by Raymond R. Hayes, Tucson, for appellant.

Warren H. Lynch, Tucson, for appellee.

## OPINION

FERNANDEZ, Judge.

This appeal was taken from the order of the juvenile court terminating the parent-child relationship between the appellant-father and his minor son. On appeal, appellant claims that the juvenile court (1) failed to make sufficient findings upon which the order was based, including specifically, findings upon which jurisdiction was based; (2) erred in utilizing a preponderance of the evidence standard and (3) erred in ordering termination since the evidence does not support the court's finding of abandonment.

A.R.S. § 8–538 requires every order terminating the parentchild relationship to "recite the findings upon which such order is based, including findings pertaining to the court's jurisdiction." Although the findings and order in this case were over two pages long, the court did not set forth any findings specifically pertaining to jurisdiction. Our courts have found it appropriate to remand cases to the juvenile court where there has been a complete failure to set forth the requisite findings under § 8–538. *Appeal in Pima County Juvenile Action No. S–933*, 135 Ariz. 278, 660 P.2d 1205 (1982); *Hernandez v. State ex rel. Arizona Dept. of Economic Security*, 23 Ariz.App. 32, 530 P.2d 389 (1975). However, we do not believe that a remand is necessary here. A.R.S. § 8–532 confers on the juvenile court exclusive jurisdiction over petitions to terminate the parent-child relationship "when the child involved is present in the state." In accordance with A.R.S. § 8–534(A)(3), the petition in the instant case alleged that the child was a resident of Pima County, a fact which was testified to at the hearing and which is not disputed by the appellant. Under these circumstances, although the juvenile court erred in failing to set forth findings in support of its jurisdiction, the error does not require remand or reversal.

Appellant also claims that the juvenile court failed to state sufficient facts in support of its conclusions. The order of termination was based on the juvenile court's conclusion that appellant had abandoned the child. This, in turn, was based on the court's finding that "the father displayed less than meaningful efforts to maintain a parent/child relationship, and failed to exert any reasonable effort to maintain visitation and contact with the child, and that his efforts at support for the child were meaningless; the one support payment was barely a token." The court further found that

"this father made no reasonable effort to support the child, and no reasonable effort to maintain contact with him. This

child received no love, care, affection, support, or maintenance from this father, and there was not even sufficient contact for this Court to find that he demonstrated any participation or presence in the child's life."

Since the court's conclusions regarding abandonment were based on an absence of contact, care or support, its underlying findings were necessarily phrased in general negative terms. Assuming that the evidence before the court supported these findings, we believe they are sufficient under A.R.S. § 8–538.

■ Appellant's claim with regard to the standard of proof utilized by the juvenile court is based on the fact that, although the minute entry recites initially that its findings are based on clear and convincing evidence, it subsequently states that it finds "by a preponderance of the evidence, that this father made no reasonable effort to support the child, and no reasonable effort to maintain contact with him." This discrepancy was subsequently brought to the court's attention, and the order was amended to reflect that "it was the full intention of this Court that the burden of proof of 'clear and convincing evidence' was the burden to be applied in this case" and that that burden had been met. Contrary to appellant's assertions, we believe that the original minute entry contained an · ambiguity which resulted from an inadvertent misstatement by the juvenile judge and which he could properly correct under Rule 60(a), Rules of Civil Procedure, 16 A.R.S.

Appellant's final argument concerns the sufficiency of the evidence to support the juvenile court's finding of abandonment. The evidence in this case consisted principally of the testimony of the parties, their respective mothers, and appellee's husband, and was sharply conflicting. The court did not order the preparation of a social study pursuant to A.R.S. § 8–536(A) nor was there any finding that the requirement would be waived as being in the child's best interest. A.R.S. § 8–536(B). It appears that the parties were married in

April 1979, and the child was born the following September. Following a separation in the spring of 1981, appellee filed a petition for dissolution in October of that year, which was granted in October 1982. In September 1981, appellant was laid off by his employer and was not rehired until May 1983. Pursuant to the dissolution decree, he was ordered to pay $150 per month child support, and it is undisputed that only $100 was ever paid to appellee. Another $200, allegedly from appellant, was tendered to appellee by his mother in 1983 and refused. Appellant further testified that he arranged to have $350 per month deducted from his salary once he was reemployed and deposited to an account jointly owned by the parties, but that appellee insisted that the money be paid directly to her.

With regard to visitation, appellee testified that appellant only visited the child five or six times between the date of the parties' separation and the date the petition was filed. Appellant testified that appellee either refused or severely restricted visitation, causing him to file a petition for an order to show cause in April 1982, a copy of which was introduced in evidence. Counsel representing appellant in the dissolution testified that the petition was subsequently dismissed by stipulation. Finally, the testimony showed that appellant sent Christmas presents to the child in 1981 and 1983.

■ The juvenile court's findings with respect to grounds for termination, in this case, abandonment, must be based on clear and convincing evidence. A.R.S. § 8–537(B); *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *Matter of Appeal in Maricopa County, Juvenile Action No. JS–4130*, 132 Ariz. 486, 647 P.2d 184 (App.1982). On appeal, however, our function is limited to reviewing the record to determine whether there is substantial evidence in support of the juvenile court's determination. Our courts have consistently held that, in order to support a finding of abandonment under A.R.S. § 8–533, the evidence must show "intentional

conduct on the part of a parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child." *Anonymous v. Anonymous*, 25 Ariz.App. 10, 12, 540 P.2d 741, 743 (1975). See also *Appeal in Maricopa County, Juvenile Action No. JS–4130*, supra; *Appeal in Maricopa County, Juvenile Action No. JS–3594*, 133 Ariz. 582, 653 P.2d 39 (App.1982). "The term 'abandonment' must be somewhat elastic and questions of abandonment and intent are questions of fact for the resolution of the trial court." *Anonymous v. Anonymous*, 25 Ariz. at 12, 540 P.2d at 743. This is especially true in light of the legislature's amendment of the statute to delete the inference or presumption of abandonment arising under specific circumstances. See former A.R.S. § 8–533(B)(1) (repealed 1983). Nevertheless, we continue to adhere to the definition of abandonment adopted in *Anonymous v. Anonymous*, supra:

" 'Abandonment is conduct. The typical kinds of conduct which constitute abandonment are the withholding of parental presence, love, care, filial affection and support and maintenance. The conduct must be intentional and must show a settled purpose to relinquish all parental rights in the child. Non-support is not synonymous with abandonment but it is a factor in determining whether a parent has abandoned his child. [Citation omitted] Lack of support plus other conduct such as a failure to communicate by letter or telephone, or absence of sending of gifts is sufficient to uphold the trial court's conclusion that a child had been abandoned.' " 25 Ariz.App. at 12, 540 P.2d at 743, quoting *Sernaker v. Ehrlich*, 86 Nev. 277, 279, 468 P.2d 5, 7 (1970).

■ Having reviewed the record with these principles in mind, we are unable to find substantial evidence in support of the juvenile court's finding of abandonment. While it is clear that appellant has failed to provide adequate financial support for the child, this fact, even when coupled with the evidence of sporadic visitation, does not "show a settled purpose to relinquish all parental rights in the child." Anonymous v. Anonymous, supra. This is not a case where the parent has failed to maintain any communication over a significant period of time or affirmatively concealed his whereabouts. Cf. *Matter of Appeal in Pima County, Severance Action No. S–110*, 27 Ariz.App. 553, 556 P.2d 1156 (1976); *Matter of Appeal in Pima County, Juvenile Action No. S–139*, 27 Ariz.App. 424, 555 P.2d 892 (1976); *Anonymous v. Anonymous*, supra. Further, assuming arguendo that the court correctly characterized appellant's efforts to maintain the parent-child relationship as "token," such a finding alone will not support a termination order. Matter of Appeal in Maricopa County, Juvenile Action No. JS–4130, supra. We are particularly troubled by the absence of any social study, which would have provided the court with a more objective evaluation of the child and his parents. This in turn would have assisted the court in evaluating the evidence presented by the parties, which was by nature highly subjective and emotional, and clearly reflected the immaturity of the parents and the bitter aftermath of a divorce. Unpleasant as their relationship may be, clear and convincing evidence of abandonment by the father cannot be inferred therefrom. In sum, we hold that substantial evidence in support of the juvenile court's finding of abandonment is lacking in this case. The order of the juvenile court is therefore vacated.

BIRDSALL, P.J., and HOWARD, J., concur.