709 P.2d 871

**In the Matter of the APPEAL IN PIMA COUNTY SEVERANCE ACTION NO. S–1607.**

**No. 18197–PR.**

Supreme Court of Arizona,
En Banc.

Nov. 4, 1985.

Bridegroom and Hayes by Raymond R. Hayes, Tucson, for appellant.

Warren H. Lynch, Tucson, for appellee.

HAYS, Justice.

This petition for review arises from an order of the juvenile court terminating the parent-child relationship between the respondent-father ("father") and his son. The termination order was based on the juvenile court's finding that the father abandoned his son and had further evidenced an intent to forego all parental duties and claims to the child. The court of appeals reversed, finding insufficient evidence to justify severance of the father's parental rights. It therefore vacated the juvenile court's order. We accepted review and have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), Rule 28, Rules of Procedure for the Juvenile Court, 17A A.R.S. Because we find the evidence sufficient to support the juvenile court's findings, we vacate the opinion of the court of appeals, 147 Ariz. 88, 708 P.2d 769 (App. 1985).

Petitioner-mother ("mother") and father were married in April, 1979. The child was born the following September. Later, after a separation of several months, the mother filed a petition for dissolution in October, 1981. The dissolution decree became final in October, 1982, and granted the mother custody of the child. The father was ordered to pay $150 per month for child support.

On January 6, 1984, the mother petitioned the court for termination of the parent-child relationship between the child and his natural father on the grounds that: (1) the father had abandoned his son; (2) he had made only token efforts to communicate with the child since the parties' divorce; and (3) he had not provided monthly support as ordered by the court. The petition also stated that the mother had remarried and that she and her present husband were supporting and raising the child.

A.R.S. § 8–533 establishes the grounds for termination of a parent-child relationship. Included as a ground for termination is the abandonment of a child by his or her parent. A.R.S. § 8–533(B)(1). To find abandonment under this statute requires evidence of "intentional conduct on the part of a parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child." *Anonymous v. Anonymous*, 25 Ariz.App. 10, 12, 540 P.2d 741, 743 (1975). Although the best interest of the child is a valid factor in deciding an abandonment issue, it cannot be the sole basis for termination. Rather, the appropriate test is whether there has been a conscious disregard of the obligations owed by a parent to a child, leading to the destruction of the parent-child relationship. *Id.* As these terms are somewhat elastic, issues of abandonment and intent are generally questions of fact to be resolved by the trial court. *In re Maricopa County, Juvenile Action No. JS–4283*, 133 Ariz. 598, 601, 653 P.2d 55, 58 (1982).

In the instant case, following a hearing on the mother's petition for severance, the juvenile court determined that the father had abandoned his son. This determination was based on the following:

THE COURT FURTHER FINDS, by clear and convincing evidence, that the father displayed less than meaningful efforts to maintain a parent/child relationship, and failed to exert any reasonable effort to maintain visitation and contact with the child, and that his efforts at support for the child were meaningless; the one support payment was barely a token.

The father's actions regarding the needs of this child, both from his emotional needs and his financial needs, are unconscionable and bereft of any sense of parental responsibility and concern for the welfare of the child. The father's actions demonstrate to the Court a conscious disregard for the child and his needs....

THE COURT FINDS that it would be better for this child to grow up in a normal father/son relationship, that is available to him at the present time, than to be subject to the sporadic attempts at fatherhood that might be expected by the present father....

[T]his father made no reasonable effort to support the child, and no reasonable effort to maintain contact with him. This child received no love, care, affection, support, or maintenance from this father, and there was not even sufficient contact for this Court to find that he demonstrated any participation or presence in the child's life.

On review, this court will accept the juvenile court's findings of fact in support of severing the parent-child relationship unless they are clearly erroneous. *In re Maricopa County, Juvenile Action No. JS–4374*, 137 Ariz. 19, 21, 667 P.2d 1345, 1347 (App.1983). Furthermore, the juvenile court will be deemed to have made every finding necessary to support the judgment. *In re Maricopa County, Juvenile Action No. JS–3594*, 133 Ariz. 582, 585, 653 P.2d 39, 42 (App.1982).

We are satisfied that there is sufficient evidence in the record to support the juve-

nile court's findings that the grounds for termination set forth in the statute exist. First, regarding visitation, the record reflects that the child was born September 1, 1979. The mother and father separated in the spring of 1980 and subsequently the mother filed for divorce in October, 1981. Between the filing for divorce and the filing of the petition for severance in January, 1984, the mother testified that the father visited with his son, at most, five or six times in this twenty-six month period. Further, the mother testified that although the father provided Christmas presents for the child in 1981 and 1982, he neglected to do so in 1983. She stated that the father had never even visited his son on any Christmas or holiday, even though he had the opportunity. The father, however, testified that his visitation rights were restricted. This, he claims, caused him to file a Petition for an Order to Show Cause why he should not have reasonable visitation rights. The father's counsel in that matter testified that the petition was subsequently dismissed by stipulation. However, it is unclear from the record just what the stipulation was. The father took no further legal action to ensure his visitation rights.

■ Second, as to support, the father himself testified as follows: between June 1981 and October 1981, he earned between $1300 and $1800 a month; between July 1982 and January 1983, he received $500 per month in unemployment compensation; and between May 1983 and the time of the petition for severance, he earned between $1500 and $1800 a month. From these sums and the money he earned from various odd jobs, the father provided only $100 toward his child support obligation over the two and one-half year period. However, during this same period, he purchased for himself a new 1984 truck costing $12,000, for which he made a cash down payment of $3,000. There was also testimony that while the father made promises to provide more money and to make up arrearages, the mother never received any further child support. In fact, at the time the petition for severance was filed, the father was over $2,000 in arrears. This neglect of one's child support obligation does not constitute "abandonment" per se. Nevertheless, when combined with a poor history of visitation or contact, it is a factor to be considered by the court in determining abandonment. *In re Maricopa County, Juvenile Action No. JS–3594*, 133 Ariz. at 586, 653 P.2d at 43.

■ The quality and frequency of the father's contacts with the child between the date of the dissolution and the date of the termination hearing are sharply disputed. Therefore, we defer to the judgment of the trial court which had the opportunity to assess the credibility, attitude and condition of the parties at trial. *In re Maricopa County, Juvenile Action No. S–624*, 126 Ariz. 488, 490, 616 P.2d 948, 950 (App. 1980). As stated above, the juvenile court found, by clear and convincing evidence, that the father displayed less than adequate efforts to maintain a father-son relationship or to support his child. It further found that any contacts that might exist were insufficient to establish any meaningful participation or presence in the child's life. Considering both the welfare of the child and the conduct of the father, we find that the evidence amply justifies the juvenile court's conclusion that abandonment had been shown.

The opinion of the court of appeals is vacated, and the judgment of the juvenile court severing the parent-child relationship between the father and son is affirmed.

HOLOHAN, C.J., GORDON, V.C.J. and CAMERON and FELDMAN, JJ., concur.