NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRITTANY P., ANDRES G., *Appellants*,

*v.*

DEPARTMENT OF CHILD SAFETY, N.G., *Appellees.*

No. 1 CA-JV 17-0456
FILED 5-10-2018

Appeal from the Superior Court in Maricopa County
No. JD529462
The Honorable David J. Palmer, Judge

**AFFIRMED**

COUNSEL

David W. Bell, Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant Brittany P.*

The Stravris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant Andres G.*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

_____

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kenton D. Jones joined.

_____

**M O R S E**, Judge:

¶1        Brittany P. ("Mother") and Andres G. ("Father") appeal the juvenile court's order of termination of their parental rights to N.G.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Mother and Father are the parents of N.G., born March 3, 2008.

¶3        N.G. was placed in temporary physical custody on November 18, 2015, after Mother had an encounter with law enforcement and tested positive for methamphetamine, opiates, and marijuana.  Mother admitted her struggle with substance abuse, particularly methamphetamine. Mother reported that she did not know how to contact Father and informed the Department of Child Safety (the "Department") that he had not been involved with the child for an extended time.

¶4        On November 20, 2015, the Department filed a dependency petition as to Mother and Father on alleged grounds of substance abuse and neglect.  The Department subsequently located Father who reported that he was unemployed, living with a friend, and last used methamphetamine about a month before.

¶5        The juvenile court adjudicated N.G. dependent as to Mother and Father on January 20, 2016, established a case plan of family reunification, and ordered Mother and Father to participate in services. The Department made arrangements for Mother to have supervised parenting time, parent aide services, psychological evaluation, TERROS substance abuse assessment and treatment services, random urinalyses testing, and transportation services.  Similarly, the Department provided Father with supervised parenting time, parent aide services, TERROS substance abuse assessment and treatment services, random urinalyses testing, and transportation services.

¶6            In April 2016, N.G. was placed in out-of-home kinship placement with his maternal aunt, where he remained throughout the dependency.

¶7            Mother and Father participated in services inconsistently and never established sobriety or remedied the circumstances causing the child to be placed in out-of-home placement. As a result, in April 2017, the juvenile court changed the case plan to severance and adoption as to both parents, and the Department then filed to terminate both Mother's and Father's parental rights. On August 7, 2017, Mother engaged in an inpatient substance abuse treatment program, where she remained until the September 6, 2017 severance trial.

¶8            The juvenile court terminated Mother's and Father's parental rights on September 27, 2017, based upon the statutory grounds of substance abuse and time-in-care. The court also found the termination of both parents' rights to be in the child's best interests. Ariz. Rev. Stat. ("A.R.S.") §§ 8-533(B)(3), -533(B)(8)(c), -533(B).

¶9            Mother and Father timely appealed and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

### I.    REASONABLE EVIDENCE WITHIN THE RECORD SUPPORTS THE JUVENILE COURT'S BEST INTERESTS FINDINGS

¶10            Mother and Father have not challenged the statutory bases for severance on appeal, arguing only that the juvenile court erred in finding that termination of their parental rights was in N.G.'s best interest. "The juvenile court, as the trier of fact in a termination proceeding, is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002). We will affirm a severance order unless clearly erroneous. *Id*.

¶11            The juvenile court must consider the totality of the circumstances when making a best interests finding. *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 99, ¶ 12 (App. 2016). The best interests inquiry requires a court to balance the parent's rights "against the independent and often adverse interests of the child in a safe and stable home life." *Kent K. v. Bobby M.*, 210 Ariz. 279, 286, ¶ 35 (2005). The inquiry "focuses primarily upon the interests of the child, as distinct from those of the parent." *Id. at*

3

287, ¶ 37. "[A] determination of the child's best interest must include a finding as to how the child would benefit from a severance *or* be harmed by the continuation of the relationship." *In re Maricopa Cty. Juvenile Action No. JS-500274*, 167 Ariz. 1, 5 (1990).

**¶12** "When a current placement meets the child's needs and the child's prospective adoption is otherwise legally possible and likely, a juvenile court may find that termination of parental rights, so as to permit adoption, is in the child's best interests." *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4, ¶ 12 (2016); *see Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 19 (App. 2004) (finding that the best interests requirement may be satisfied if there is credible evidence of an adoptive plan or the child is adoptable). "Of course, a court need not automatically conclude that severance is in a child's best interests just because the child is adoptable; there may be other circumstances indicating that severance is not the best option." *Demetrius L.*, 239 Ariz. at 4, ¶ 14; *see Alma S. v. Dep't of Child Safety*, 778 Ariz. Adv. Rep. 24, *8, ¶¶ 33, 37 (App. Nov. 14, 2017) (holding adoptability alone was not sufficient to support the best interests finding, in light of the other factors that weighed against severance).

### A. Mother

**¶13** Mother challenges the juvenile court's finding that termination was in N.G.'s best interests. A.R.S. § 8-533(B). Mother argues that the Department "failed to prove beyond a preponderance of the evidence that the child would derive an affirmative benefit from termination or incur a detriment by continuing in the relationship." Mother claims that the evidence presented at the severance hearing" showed that the presence of Mother in the child's life was an affirmative benefit to the child," and that Mother "remained an active part of N.G.'s life throughout [the] case," regularly "fully assume[d] parenting responsibilities" and provided financial assistance, such as "books, clothing, food and other items her son needs."

**¶14** The juvenile court considered the evidence upon which Mother relies and ultimately determined that the totality of the circumstances established that severance was in N.G.'s best interests. The evidence supports the juvenile court's decision.

**¶15** The juvenile court considered Mother's and maternal aunt's testimony regarding Mother's bond with N.G. and maternal relationship with the child. Maternal aunt also testified about her belief that severance would be traumatizing to the child and may cause "emotional problems,"

and her belief that it would be in N.G.'s best interests to delay severance to see whether Mother continued her sobriety and demonstrated her ability to adequately parent the child.

**¶16**        However, the Department case manager testified that Mother's "long history of chronic [drug] abuse" caused concern that Mother may not "follow up with [her parental] obligations" or succeed in a case plan.

**¶17**        The juvenile court considered and carefully weighed the evidence regarding Mother's history during the dependency and recent efforts toward rehabilitation.  The guardian ad litem opined that stability and permanency for N.G. should not be delayed.  As the court noted, Mother failed to demonstrate sobriety during the nearly 23-month dependency and had not "gone more than a month without missed tests in the past 20 months."  There was "no evidence that the mother can provide for the child," and Mother did not "have stable income or stable housing at [the] time" of the severance hearing.  The Department case manager noted that there was "really no indication" whether Mother would maintain her recent inpatient-attained sobriety, as she was "still working on her sobriety after having two years length of time on this case."  The case manager also noted that Mother had an apparent "pattern of wanting to participate in services right before hearings and then stop participating . . . right after the hearings."  Based upon Mother's chronic substance abuse, "a significant amount of time being sober, proven sobriety[,]" would still be required following Mother's departure from inpatient treatment.

**¶18**        The juvenile court found that N.G. was adoptable and a case plan for adoption by maternal aunt was in place, the current placement that was the least restrictive placement consistent with N.G.'s needs.  Maternal aunt was "providing the child with a loving and nurturing home environment and the child ha[d] been thriving in her care."  N.G. would benefit from termination by remaining in the current placement with maternal aunt because it not only met all his needs, but also allowed the child to potentially maintain family relationships, "even with his Mother to some degree," if his aunt deemed it appropriate.  The child's adoption by maternal aunt would "provide the child with the added benefit of stability and permanency."

**¶19**        A child should not be forced to wait for a parent to develop necessary parenting skills.  *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 378, ¶ 25 (App. 2010).  Although Mother relies upon *In re Maricopa County Juvenile Action No. JS-500274*, 167 Ariz. at 4-5, to argue her "right to

maintain the parent-child relationship" is fundamentally important and should be preserved, her right to parent N.G. is not absolute and the court found that severance should not be delayed. *Kent K.*, 210 Ariz. at 284, ¶ 24. "[I]t is not the function of this court to interfere with the juvenile court's findings of fact in severance proceedings unless they are clearly erroneous, i.e., there is no reasonable evidence to support them." *Anonymous v. Anonymous*, 25 Ariz. App. 10, 11-12 (1975). "In most cases, the presence of a statutory ground will have a negative effect on the children." *In re Maricopa Cty. Juvenile Action No. JS-6831*, 155 Ariz. 556, 559 (App. 1988).

¶20 Having "considered whether the child would either benefit from the severance or be harmed by maintaining the parental relationship," the juvenile court found that, given Mother's history of substance abuse and its interference with her ability to adequately parent N.G., it was not in the child's best interest to maintain the parent-child relationship with Mother. "[A]n alternative case plan that stops short of severance and adoption" would "delay[] permanency while gambling on Mother's achieving long term sobriety," which was "clearly not in [N.G.'s] best interest." Despite Mother's "current period of approximately one month of sobriety," the juvenile court found "her history suggests that long-term sobriety is far from a certainty" and "[o]ne month of sobriety in a controlled environment, while commendable is far from convincing or definitive given that history."

¶21 Because a preponderance of the evidence within the record supports the juvenile court's finding that severance of Mother's parental rights is in N.G.'s best interests, we affirm the juvenile court's best interests finding and order of termination.

### B. Father

¶22 Likewise, Father argues that the juvenile court erred in its determination that severance was in N.G.'s best interests and supported by sufficient evidence. A.R.S. § 8-533(B). Father claims that it would not be in the child's best interests to discontinue the parental relationship. Father also argues the juvenile court "did not make mention in its findings any of the testimony by the maternal aunt regarding the detriment the child would suffer from the parental rights being terminated." Father claims that "although the child is in an adoptive placement, insufficient evidence was presented to show that the child would benefit from the termination of parents['] rights" and, therefore, the Department "failed to prove by a preponderance of the evidence that termination of parental rights would be in the best interest of the child."

¶23 Contrary to Father's claims, the juvenile court was well within its discretion to find that severance served the child's best interests. Here, the juvenile court considered both the affirmative benefit of severance to N.G. and the detriment he would incur by continuing the parent-child relationship. Although Father had ongoing contact with N.G. during the dependency, and maternal aunt testified that severance would be detrimental to N.G., the juvenile court also took into account that Father failed to remedy the circumstances causing N.G. to be in out-of-home placement, and his instability and inability to adequately parent N.G. at the time of the severance trial.

¶24 Upon full consideration of the case, evidence, and testimony before it, the juvenile court found the evidence weighed in favor of severance and any further delay would be unfavorable to N.G. Beyond finding N.G. adoptable, the juvenile court found the evidence weighed in favor of severance. He was thriving in the placement with maternal aunt and the plan of adoption would benefit him by adding stability and permanency in a drug-free environment meeting all of the child's needs, as opposed to maintaining the status quo of the dependency through which he "would still not have permanency" until some future time when it might be established.

¶25 Because a preponderance of the evidence within the record supports the juvenile court's finding that severance of Father's parental rights is in N.G.'s best interests, we affirm the juvenile court's best interests finding and order of termination.

## CONCLUSION

¶26 For the abovementioned reasons, we affirm the termination of Mother's and Father's parental rights.

