IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LOGAN B., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.B., I.B., *Appellees*.

No. 1 CA-JV 17-0327
FILED 5-24-2018

Appeal from the Superior Court in Maricopa County
No.   JD530156
The Honorable Timothy J. Ryan, Judge

**VACATED AND REMANDED WITH INSTRUCTIONS**

COUNSEL

Maricopa County Public Advocate, Mesa
By David C. Lieb
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee, Department of Child Safety*

---

## OPINION

Judge Jennifer B. Campbell delivered the opinion of the Court, in which Judge Patricia A. Orozco joined.[1] Presiding Judge Michael J. Brown dissented.

---

**C AM P B E L L**, Judge:

**¶1**          Logan B. ("Father") challenges the juvenile court's failure to make written findings in its order terminating his parental rights to his children J.B. and I.B. We hold that even if the court makes oral findings of fact on the record, a written termination order that recites only conclusions of law regarding the statutory grounds for termination and best interests is insufficient as a matter of law. Such an order fails to comply with the requirement in both Arizona Revised Statutes ("A.R.S.") section 8-538(A) and Arizona Rule of Procedure for the Juvenile Court 66(F)(2)(A) that a termination order must contain written findings.[2]

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          In July 2016 the Department of Child Safety ("DCS") filed a dependency petition alleging J.B. and I.B. (collectively, the "children") were dependent. DCS alleged substance abuse based on Father's use of heroin, marijuana, and morphine. DCS also alleged neglect because of Father's inability to provide the necessities of life for the children and because he cared for them while under the influence of drugs.[3] The court later adjudicated the children dependent.

---

[1] The Honorable Patricia A. Orozco, Retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] Absent material revisions after the relevant date, we cite the current versions of statutes and rules.

[3] DCS alleged Father violated a safety plan that permitted the children to remain in the home with their mother and prohibited Father from returning to the home until he demonstrated 30 days of sobriety. The

**¶3** In April 2017, DCS moved to terminate Father's parental rights on the statutory grounds of abandonment, A.R.S. § 8-533(B)(1), substance abuse, A.R.S. § 8-533(B)(3), and six months in an out-of-home placement, A.R.S. § 8-533(B)(8)(b). DCS also alleged termination was in the children's best interests.

**¶4** Father later failed to appear for a pretrial conference. The juvenile court found Father's failure to appear was without good cause and granted DCS's motion to proceed with the termination hearing in absentia.

**¶5** After receiving exhibits and hearing testimony presented by a DCS case manager, the juvenile court made findings of facts and conclusions of law by oral pronouncement on the record at the conclusion of the hearing. The juvenile court found DCS failed to prove abandonment but did prove the grounds of chronic substance abuse and out-of-home placement by clear and convincing evidence, and stated relevant factual findings. The court also found by a preponderance of evidence that termination of Father's parental rights was in the children's best interests, again providing its factual findings orally.

**¶6** The juvenile court later entered a final written order terminating Father's parental rights to the children. The final order read as follows:

> THE COURT FINDS by clear and convincing evidence that the State has proven the allegation of a history of chronic abuse of dangerous drugs and controlled substances with respect to [Father].

> THE COURT FINDS beyond a preponderance of the evidence that it would be in the children's best interest[s] to sever the father's parental rights.

The final order was devoid of any factual findings to support the legal conclusions about the statutory ground for termination or factual findings to justify that termination was in the children's best interests.[4]

---

mother's parental rights were later terminated. She is not a party to this appeal.

[4] As later discussed, the juvenile court's order did not include any findings regarding the out-of-home placement ground. *Infra* ¶ 21.

**¶7**         Father timely appealed. We have jurisdiction pursuant to A.R.S. § 8-235(A) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

**¶8**         Father argues the juvenile court committed an error of law when entering a final order lacking any written factual findings in support of its conclusions of law. We agree.

## I.         Purported Waiver

**¶9**         Father did not raise this argument in the juvenile court. Generally, failure to raise an argument in the juvenile court waives the issue on appeal. *See Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452, ¶ 21 (App. 2007). But the decision to find waiver is discretionary. *See Marianne N. v. Dep't of Child Safety*, 243 Ariz. 53, 56, ¶ 13 (2017) (citing *City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 552 n.9, ¶ 33 (2005)) (decision to deem issue waived is "jurisprudential, not jurisdictional").

**¶10**         DCS urges waiver here, citing *Christy C.*, 214 Ariz. at 452, ¶¶ 20-21. In *Christy C.*, this court concluded the parent had waived her argument that the court's final order did not comply with A.R.S. § 8-538(A) by raising it for the first time on appeal. 214 Ariz. at 452, ¶ 21. *Christy C.* is distinguishable. There, the final order contained some factual findings, albeit the parent argued those findings were insufficiently detailed. *Id.* *Christy C.* accords with this court's decision to apply the waiver doctrine when a party first raises the issue of insufficient findings on appeal and the order includes at least some statutorily required factual findings. *See, e.g.*, *Antonio M. v. Ariz. Dep't of Econ. Sec.*, 222 Ariz. 369, 371, ¶¶ 5-6 (App. 2009) (father waived argument raised for the first time on appeal that termination order should have made more *specific* factual findings); *see also Banales v. Smith*, 200 Ariz. 419, 420, ¶¶ 1, 6-8 (App. 2001) (father could not newly challenge sufficiency of trial court's detailed order that contained numerous findings of fact and conclusions of law but omitted a required best interests finding under A.R.S. § 25-403).

**¶11**         In this case, Father raises an issue of law. That is, Father's argument is that the juvenile court's final written order is insufficient because it contains only conclusions of law without any factual findings. In similar circumstances, we have exercised our discretion, choosing not to find waiver. *See Nold v. Nold*, 232 Ariz. 270, 272-73, ¶¶ 7-10 (App. 2013) (declining to find waiver when family court's custody order made no

written factual findings regarding the statutorily mandated best interests findings; best interests of child trumps waiver doctrine); *Reid v. Reid*, 222 Ariz. 204, 207-08, ¶¶ 11, 14-20 (App. 2009) (declining to find waiver; omission of statutorily required best interests findings in custody order demonstrated omission was not "mere oversight"; order merely stated court's custody determination was in the children's best interests and court had considered the relevant factors under A.R.S. § 25-403(A)). The waiver doctrine is not "an unalterable rule." *Reid*, 222 Ariz. at 208, ¶ 16. We are not dealing with a question of whether the court merely overlooked some factual findings; we are addressing an order devoid of any factual findings. *See id*. at 208, ¶¶ 15-16. Moreover, Father raises an issue of great public importance that is likely to reoccur, thus providing an additional reason not to find waiver. *See In re Leon G.*, 204 Ariz. 15, 17 n.1, ¶ 2 (2002) (noting exception to general rule of waiver when issue raised is of great public importance and likely to reoccur.) Because this is a reoccurring problem, we choose to exercise our discretion and will not find waiver in this limited circumstance.[5] We therefore decline to find waiver, and address the issue on the merits.

## II.    Written Findings

**¶12**        We review de novo issues of statutory interpretation and the interpretation of rules. *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 194-95, ¶ 6 (2016) (interpretation of statutes); *Valerie M. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 155, 161, ¶ 19 (App. 2008) (interpretation of rules). "When the text is clear and unambiguous, we apply the plain meaning and our inquiry ends." *State v. Burbey*, 243 Ariz. 145, 147, ¶ 7 (2017) (citing *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017)).

**¶13**        Before terminating a parent's parental rights, the juvenile court must find at least one statutory ground by clear and convincing evidence, A.R.S. §§ 8-533, -537(B), and find, by a preponderance of the evidence, that termination is in a child's best interests, *Kent K. v. Bobby M.*,

---

[5] After the filing of a timely notice of appeal, and "for good cause," this court may suspend the appeal and revest jurisdication in the juvenile court for the limited purpose of allowing the court to make the required written findings. *See* ARCAP 3(b); *see also* Ariz. R.P. Juv. Ct. 103(B). We note that such procedures inject delay. We also note that under the Arizona Rules of Juvenile Procedure, an appellant has 15 days to file a notice of appeal after entry of the juvenile court's final order, Ariz. R.P. Juv. Ct. 104(A), and the rules do not provide for any time-extending motions that extend the time to file a notice of appeal.

210 Ariz. 279, 288, ¶ 41 (2005). If the juvenile court finds DCS has met this burden, the juvenile court is required to enter written findings terminating the parent-child relationship. A.R.S. § 8-538(A) (an order terminating the parent-child relationship "shall be in writing and shall recite the findings on which the order is based"); Ariz. R.P. Juv. Ct. 66(F) ("All findings and orders shall be in the form of a signed order or set forth in a signed minute entry.").

¶14        Importantly, under Rule 66(F)(2)(a) the juvenile court must "[m]ake specific findings of fact in support of the termination of parental rights and grant the motion or petition for termination." In *Ruben M. v. Ariz. Dep't of Econ. Sec.,* this court held that to comply with Rule 66(F)(2)(a), the order must specify the juvenile court's conclusions of law and "at least one factual finding sufficient to support each of those conclusions of law." 230 Ariz. 236, 240-41, ¶¶ 22, 25-26 (App. 2012). The number of factual findings required will depend on the complexity of the issues but must be "sufficiently specific to enable the appellate court to provide effective review." *Id.* at 241, ¶ 25. Although *Ruben M.* addressed a different issue (whether the juvenile court's summary written factual findings were sufficient), it is clear the court implicitly held it is an error of law to enter a final termination order that omits any factual findings. *Id.* at 241, ¶¶ 25-27 (concluding court's summary findings were sufficiently specific as grounds for court's judgment were "simple" and "straightforward").

¶15        *Ruben M.* set forth what is minimally required: at least one sufficiently specific finding to support each of the court's conclusions of law. *Id.* at 240, ¶ 22. We recognize that the juvenile court is not required to list each and every fact relied upon in making its findings. *Christy C.*, 214 Ariz. at 451-52, ¶ 19. Nonetheless, written findings, including findings of fact, must include "all of the 'ultimate' facts—that is, those necessary to resolve the disputed issues." *Ruben M.*, 230 Ariz. at 242, ¶ 25 (quoting *Elliott v. Elliott,* 165 Ariz. 128, 132 (App. 1990)). "'[U]ltimate facts' are *at least* 'the essential and determinative facts on which the conclusion was reached. They are the controlling facts, without which the court cannot correctly apply the law' in resolving the disputed issues in the case." *Miller v. Bd. of Supervisors of Pinal Cty.*, 175 Ariz. 296, 300 (1993) (citing *Star Realty Co. v. Sellers,* 73 N.M. 207, 208–09 (1963)) (order that omitted ultimate facts provided no basis for the court to determine whether trial court's legal conclusions were sound); *see also Gilliland v. Rodriquez*, 77 Ariz. 163, 167 (1954) ("The ultimate test of the adequacy thereof is whether they are pertinent to the issues and comprehensive enough to provide a basis for the decision.").

**¶16** DCS argues the juvenile court made sufficiently specific findings as required by Rule 66(F)(2)(a) and within the meaning of *Ruben M.*, because the court made "detailed factual findings on the record." Detailed factual findings made orally on the record do not comply with the safeguards that the legislature, by statute, and our supreme court, by rule, have implemented to protect the due process rights of parents in a termination proceeding. Parents have a fundamental interest in the care, custody, and control of their children protected by the Due Process Clause of the United States Constitution. *Mara M. v. Ariz. Dep't of Econ. Sec.*, 201 Ariz. 503, 507, ¶ 24 (App. 2002) (citing *Santosky v. Kramer*, 455 U.S. 745, 753 (1982)); *Troxel v. Granville*, 530 U.S. 57, 66 (2000). That right is not absolute but there are "specified circumstances and procedures" that must be followed when terminating the parent-child relationship. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶ 12 (2000). "Because of the fundamental right at stake in severance proceedings, the legislature has imposed significant procedural safeguards to ensure due process." *Ruben M.*, 230 Ariz. at 240, ¶ 21. Those safeguards, as further implemented by Rule 66(F)(2)(a), require written factual findings when a court terminates parental rights.

**¶17** We may not, as DCS suggests, ignore the requirement of written findings and simply search the record to uncover ultimate facts the court may have relied upon, or infer findings the court may have made, in reaching the decision to enter an order of termination. *Cf. Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549–50, ¶ 10 (App. 2010) (when court denies a motion to terminate parental rights, A.R.S. § 8–538(A) does not require written findings; appellate court may look to the record to determine whether reasonable evidence supports court's denial of motion to terminate). To do so would nullify the requirement that the juvenile court enter a written termination order and "recite the findings on which the order is based," A.R.S. § 8-538(A), and render Rule 66(F)(2)(a) meaningless, *see Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 443, ¶ 20 (2018) ("We will not interpret statutes or rules in a manner that renders portions of their text superfluous.") (citing *Bilke v. State*, 206 Ariz. 462, 464, ¶ 11 (2003)); *see also Parker v. City of Tucson*, 233 Ariz. 422, 430, ¶ 20 (App. 2013) ("We will not rewrite statutes to effectuate a meaning different than the one the legislature intended.").

**¶18** We have long emphasized that the purpose of requiring written findings is to aid appellate review. *See, e.g., Ruben M.*, 230 Ariz. at 240, ¶ 24; *Stein v. Stein,* 238 Ariz. 548, 551, ¶ 10 (App. 2015); *Miller*, 175 Ariz. at 299. But written findings also serve other important purposes, including "prompt[ing] judges to consider issues more carefully because 'they are

required to state not only the end result of their inquiry, but the process by which they reached it.'" *Miller*, 175 Ariz. at 299 (quoting *United States v. Merz,* 376 U.S. 192, 199 (1964)).

**¶19**　　　　"As the trier of fact in a termination proceeding, the juvenile court 'is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts.'" *Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 286, ¶ 16 (App. 2016) (quoting *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009)). As an appellate court, "[o]ur task for factual findings is solely to confirm that there is some reasonable evidence in the record to sustain them," not to reweigh the evidence. *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 336, ¶ 14 (App. 2004). Even when the court may have set forth some of its findings and conclusions on the record at the conclusion of the termination hearing, the requirement to state its findings in a written order allows the juvenile court to reflect on the record before memorializing its findings in writing. It is improper for this court to determine in the first instance what ultimate facts the juvenile court would have reduced to writing to support its conclusions of law.[6] *See Kelsey v. Kelsey*, 186 Ariz. 49, 50-51 (App. 1996) (when written findings are required, this court "may not affirm simply because we may find some possible basis for [the trial court's written] conclusion in the record"; rather, "[i]t must be clear [from the findings] how the court actually did arrive at its conclusions").

---

[6]As an appellate court we review the record before us, but we cannot disregard the requirements governing the entry of a termination order. Although we have held that "we will presume that the juvenile court made every finding necessary to support the severance order if reasonable evidence supports the order" and "[i]f the juvenile court fails to expressly make a necessary finding, we may examine the record to determine whether the facts support that implicit finding," *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 17 (App. 2004), under our case law these principles have been applied only in cases in which the termination order contained written factual findings. *See id.* at 46-47, 49-50, ¶¶ 6, 14-18; *Matter of Pima Cty. Severance Action No. S-2397*, 161 Ariz. 574, 576-77 (App. 1989); *Matter of Appeal In Pima Cty. Severance Action No. S-1607*, 147 Ariz. 237, 238 (1985); *In re Maricopa Cty., Juvenile Action No. JS–3594,* 133 Ariz. 582, 584-85 (App. 1982). We have never held that we will do so absent any written factual findings.

¶20 In this case, Father failed to appear at a pretrial conference. After finding Father failed to appear without good cause, the juvenile court exercised its discretion to proceed with the termination hearing. *Marianne N.*, 243 Ariz. at 57-58, ¶¶ 19-22; Ariz. R.P Juv. Ct. 64(C). Father's failure to appear therefore resulted in a waiver of his legal rights, and he was deemed to have admitted the allegations contained within DCS's motion for termination of his parental rights. *Marianne N.*, 243 Ariz. at 57-58, ¶ 22; *see also Brenda D.*, 243 Ariz. at 445-46, ¶ 29. Nonetheless the juvenile court, based on the limited record before it, was still required to find whether DCS had met its burden. To do so, the juvenile court was required to state in writing the ultimate facts on which it relied in reaching its conclusions of law. That is, the juvenile court was required to state what facts supported its conclusion that DCS had proven that Father had a history of chronic substance abuse, rendering him unable to discharge his parental responsibilities, and there existed reasonable grounds to believe his condition would continue for a prolonged indeterminate period within the meaning of A.R.S. § 8-533(B)(3). The court was further required to state what ultimate facts supported its legal conclusion that DCS had proven by a preponderance of the evidence that termination of Father's parental rights was in the children's best interests. Therefore, the juvenile court erred as a matter of law when it made findings of fact on the record, but then entered a termination order containing only conclusions of law.

¶21 Father also argues the juvenile court erred as a matter of law by omitting a written conclusion of law confirming the oral pronouncement that DCS had proven the ground of six months in an out-of-home placement. We agree that the juvenile court's on the record conclusions of law are inconsistent with the court's written order, which makes no reference to this ground of termination. *See supra* ¶¶ 5-6.

¶22 Accordingly, we vacate the juvenile court's termination order and remand for the limited purpose of allowing the juvenile court to enter its written factual findings and conclusions of law, based on the existing record. The lack of written findings is the sole issue Father raises on appeal. Therefore, on remand Father cannot later elect to raise additional issues on appeal. Rather, Father is limited to challenging the sufficiency of the juvenile court's written findings of fact. He may also challenge the court's conclusions of law and findings of fact regarding the six months in an out-of-home placement ground, which was not included in the juvenile court's termination order. All other issues are precluded by Father's failure to raise them in this appeal. *See Bike Fashion Corp. v. Kramer*, 202 Ariz. 420, 425, ¶ 20 (App. 2002) (issues which should have been raised in the first appeal may not be raised nor considered by appellate court in a subsequent appeal).

**CONCLUSION**

**¶23** For the foregoing reasons, we vacate the juvenile court's termination order and remand the matter to the juvenile court. On remand, we direct the juvenile court to enter written findings of fact and conclusions of law based on the existing record, as required by A.R.S. § 8-538(A) and Rule 66(F)(2)(a).

**B R O W N,** Judge, dissenting:

**¶24** I agree that the order terminating Father's rights should have included written findings. *See* Ariz. R.P. Juv. Ct. 66(F). The juvenile court's omission has caused unnecessary delay in these proceedings; however, that does not mean Father can properly wait, without consequence, to raise that issue for the first time on appeal. *Cf. Shawanee S. v. Ariz. Dep't. of Econ. Sec.*, 234 Ariz. 174, 178-79, ¶ 16 (App. 2014) (explaining that a "parent's failure to assert legitimate complaints in the juvenile court about the adequacy of services needlessly injects uncertainty and potential delay into the proceedings, when important rights and interests are at stake and timeliness is critical"). This point is especially relevant here, where the only issue Father raises on appeal is the lack of written findings. Contrary to Father's position on appeal, the absence of such findings does not mean we are obligated to vacate the termination order, remand, allow the court to make written findings (perhaps on an identical record), and provide Father another opportunity to appeal that will be considered many months from now. *See Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, ¶ 22 (App. 2005) ("Failure to comply with the Arizona Rules of Procedure for Juvenile Court does not necessarily require a reversal.").

**¶25** As a general rule, a party that attempts to raise an issue for the first time on appeal has waived that issue. *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452, ¶¶ 20–21 (App. 2007) (applying waiver based on parent's failure to object to the lack of specificity in a termination order). Although waiver is not based on jurisdictional grounds, appellate courts apply it for many important reasons, including the well-established principle that a party "may not 'sit back and not call the trial court's attention to the lack of specificity finding on a critical issue, and then urge on appeal that mere lack of a finding on that critical issue as a grounds for reversal.'" *Id.* at 452, ¶ 21 (quoting *Bayless Inv. & Trading Co. v. Bekins Moving*

*& Storage Co.*, 26 Ariz. App. 265, 271 (1976)); *see also Marianne N. v. Dep't of Child Safety*, 243 Ariz. 53, 55, ¶ 13 (2017) (explaining that waiver is "jurisprudential, not jurisdictional").

**¶26** In my view, the majority fails to present compelling reasons why waiver should not apply here. *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("[A]bsent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal" because "a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects[.]"). Instead, several factors cut in favor of holding that Father waived his argument challenging the juvenile court's lack of written findings.

**¶27** First, this court has repeatedly applied waiver when a party to a termination proceeding fails to object to alleged errors committed by the juvenile court and seeks to challenge such errors on appeal. *See, e.g., Shawanee S.*, 234 Ariz. at 178-79, ¶ 16 (applying waiver to adequacy of services argument); *Cecilia A. v. Ariz. Dep't of Econ. Sec.*, 229 Ariz. 286, 289, ¶ 11 (App. 2012) (applying waiver to due process argument); *Antonio M. v. Ariz. Dep't of Econ. Sec.*, 222 Ariz. 369, 371, ¶ 6 (App. 2009) ("[W]hen a party fails to object below to 'the alleged lack of detail in the juvenile court's findings,' the issue is deemed waived when raised for the first time on appeal . . . ." (quoting *Marco C. v. Sean C.*, 218 Ariz. 216, 220 n.3, ¶ 12 (App. 2008))); *Kimu P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, 44 n.3, ¶ 19 (App. 2008) (applying waiver to issues relating to "alleged procedural defects" that were not raised in the juvenile court); *Christy C.*, 214 Ariz. at 452, ¶ 21 (finding waiver as to sufficiency of findings).

**¶28** Second, more than 30 years ago our supreme court directed that "the juvenile court will be deemed to have made every finding necessary to support the judgment." *Pima Cty. Severance Action No. S-1607*, 147 Ariz. 237, 238 (1985). That principle is consistent with the waiver doctrine, and should be applied here. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 17 (App. 2004) ("If the juvenile court fails to expressly make a necessary finding, we may examine the record to determine whether the facts support that implicit finding."). And unless the supreme court modifies that principle, we are bound to follow it. *See State v. Albe*, 148 Ariz. 87, 89 (App. 1984) ("This court as an intermediate appellate court is not empowered to overturn a decision of the supreme court of this state.").

**¶29** Third, applying waiver here avoids injecting additional delays into these proceedings that are likely to result from vacating the order and remanding for additional findings, from which Father can

presumably pursue another appeal. *See Shawanee S.*, 234 Ariz. at 178-79, ¶ 16. A prompt objection raised by Father with the juvenile court would have given DCS the opportunity to address the error instead of waiting until it was raised on appeal. Indeed, DCS would have been hard pressed in this case to object to a request from Father for issuance of written findings, which presumably would have resulted in a termination order that complied with statutory and rule requirements. And it would have given the juvenile court the opportunity to address, in the first instance, the error Father now asserts on appeal.

**¶30** Fourth, Father is incorrect in suggesting that applying waiver here is unfair because no specific authority addresses how a party can object to the sufficiency of the juvenile court's findings and still preserve the right to appeal. If the juvenile court fails to make sufficient findings, nothing prevents a party from promptly bringing the matter to the court's attention by filing a motion for reconsideration, motion for additional findings, or motion to amend. For decades, Arizona appellate courts have acknowledged the propriety of a prompt motion to set aside where a party asserts a procedural irregularity. *See, e.g., David C. v. Alexis S.*, 240 Ariz. 53, 55, ¶ 5 (2016) (addressing merits of motion to set aside adoption); *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299 (App. 2007) (addressing merits of motion to set aside entry of default and default judgment); *Don L. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 556 (App. 1998) (same), *superseded by statute on other grounds as stated in Marianne N.*, 243 Ariz. at 58, ¶¶ 23-25. The label placed on the motion is less important than the content; the goal is to provide the court and the opposing party with the opportunity to correct errors in the termination order. *See* Ariz. R.P. Juv. Ct. 6 (stating that juvenile court proceedings, "unless otherwise stated, shall be conducted as informally as the requirements of due process and fairness permit, and shall proceed in a manner similar to the trial of a civil action before the court sitting without a jury"). To further preserve the right to appeal, a party may file a timely notice of appeal and promptly seek an order from this court staying the appeal until the juvenile court resolves the pending post-hearing motion. *See* Ariz. R.P. Juv. Ct. 103(B) (stating that a juvenile court order may be stayed pending appeal by an appellate court if "suitable provision is made for the care and custody of the child"). By following this procedure, the party gives the juvenile court (and other parties) the opportunity to address alleged errors without delay. If the court denies the motion, then the party has preserved the right to raise the issue on appeal, and the troubling situation presented to us here is avoided.

**¶31** Moreover, to the extent Father argues waiver would deprive him of a remedy, that is, of course, a consequence of waiver. Father has not

shown how the order terminating his rights failing to include written findings creates a due process issue or, if it did, that the issue resulted in fundamental error. *See Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 457, ¶ 37 (2018) (noting appellant "did not object to either of the alleged due process violations in the juvenile court (and did not even raise the alleged violation of her right to testify in the court of appeals)" and concluding "that fundamental error review applies").

**¶32**        Father failed to appear at the hearing without good cause, but was represented by counsel. The juvenile court could therefore presume that Father admitted the allegations of the motion for termination. The court then conducted an evidentiary hearing and verbally listed findings of fact and conclusions of law from the bench. Unfortunately, those findings of fact and conclusions of law were not repeated in the court's written findings. Father did not ask the superior court to clarify or take any other action in that court; instead, he waited months to raise the issue with this court for the first time on appeal. Given Father's waiver, I would affirm the termination order.



AMY M. WOOD • Clerk of the Court
FILED:  AA